UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOE HAMBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-02231-TWP-MKK |
| | ) |
| JOHN MERSHON MD, | ) |
| | ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Joe Hambel is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). He filed this civil action alleging deliberate indifference to his serious medical needs. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

At the outset, the Court notes that Plaintiff has included various exhibits with his complaint, some of which are inserted in the middle of the complaint and some of which are attached to the end of it. In screening the complaint, the Court has considered those exhibits that Plaintiff chose to incorporate into the body of the complaint itself. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (the court may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it."). However, consideration of the additional attachments would circumvent the requirement, under Federal Rule of Civil Procedure 8(a)(2), that a complaint include only a "short and plain statement" of the claim. See *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

The complaint lists as the only defendant Dr. John Mershon. Plaintiff alleges that after having surgery outside of PCF for a hernia in September 2022, the attending physician prescribed several medications for Plaintiff to address pain and abdominal discomfort, including 500 mg acetaminophen, celecoxib, methocarbamol, ondansetron, oxycodone, and polyethylene glycol.[1] When Plaintiff returned to PCF on September 29, 2022, he told a nurse who examined him upon arrival that he was experiencing extreme pain, at a level of 10 out of 10. The nurse advised Dr. Mershon of Plaintiff's pain, but he refused to prescribe anything for pain except for 3 days' worth of Tylenol, which was ineffective. This has resulted in an extended period of pain for Plaintiff.

Plaintiff is seeking compensatory and punitive damages.

---

[1] Plaintiff also asserts that the attending physician prescribed fluoxetine and sertraline, but the physician's order indicates that this was an "unchanged" prescription, not a new one. Dkt. 2, p. 19. These medications also appear to be antidepressants, not pain medications.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Plaintiff's claims **shall proceed** against Dr. Mershon, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[2]

### IV. Conclusion and Service of Process

This summary of claims includes all of the viable claims identified by the Court. If Plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 22, 2024,** in which to identify those claims.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Defendant Dr. John Mershon in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 13, 2023, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Dr. John Mershon is identified as an employee of Centurion. The **clerk is directed** to serve Dr. Mershon electronically. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

---

[2] Plaintiff also wants the Court "to order the Defendant's employer [Centurion Health of Indiana] to pay punitive and compensatory damages to the Plaintiff." Dkt. 2, p. 2. However, Plaintiff has not named Centurion as a defendant in this action. Furthermore, there are no allegations that would support an inference that Dr. Mershon's actions or Plaintiff's injury were the result of a Centurion practice or policy as required to potentially subject it to liability under 42 U.S.C. § 1983. *See Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022).

**IT IS SO ORDERED.**

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic service to Centurion
    Dr. John Mershon

JOE HAMBEL
250694
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

4